**Edwin Paul BAUM, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 29S00–8801–PC–57.

Supreme Court of Indiana.

Feb. 7, 1989.

Gerald M. DeWester, Noblesville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

This is an appeal from the denial of appellant's second post-conviction relief petition. In 1975, appellant was tried before a jury on a charge of First Degree Murder. He was found guilty of Second Degree Murder and sentenced to life imprisonment. We affirmed his conviction on direct appeal *Baum v. State* (1976), 264 Ind. 421, 345 N.E.2d 831. Later in 1976, appellant filed his first petition for post-conviction relief, which was denied after a hearing in 1977. We affirmed that denial in *Baum v. State* (1978), 269 Ind. 176, 379 N.E.2d 437. Appellant filed his second post-conviction relief petition in 1986, alleging ineffective assistance of counsel at his trial and at his first post-conviction relief proceeding. After a hearing in 1987, the trial court denied the petition, resulting in the instant appeal.

Appellant contends the trial court erred in denying his second petition for post-conviction relief by finding he was not denied effective assistance of counsel for his first petition.

Under Ind.R.P.C.R. 1, § 1, a petitioner is authorized to challenge his conviction and sentence. Appellant's petition does not do this. Instead he presents a collateral attack upon a prior court judgment denying post-conviction relief. His collateral attack alleges defective performance of counsel at a prior post-conviction hearing. The petition poses no cognizable grounds for post-conviction relief, and it

therefore was subject to being denied without a hearing per Ind.R.P.C.R. 1, § 4(e). If a convicted person wishes to challenge the performance of his defense counsel at a trial upon criminal charges, he may do so. If such challenge is included in the second petition for post-conviction relief, the claim then is properly subject to waiver or *res judicata*. *Tillman v. State* (1987), Ind., 511 N.E.2d 447.

Appellant's attempt in this instance should not receive sanction because it results in an avoidance of legitimate defenses and thus constitutes an abuse of the post-conviction remedy. Any determination of merit of appellant's claim would require creation of legal standards to be applied when judging the performance of counsel in prosecuting a petition under Ind.R.P.C. R. 1. All of appellant's assertions in his petition, which resulted in the judgment challenged in this appeal, are made to demonstrate that his counsel's performance in prosecuting his first petition for post-conviction relief was defective.

■ The right to counsel in post-conviction proceedings is guaranteed by neither the Sixth Amendment of the United States Constitution nor art. 1, § 13 of the Constitution of Indiana. A petition for post-conviction relief is not generally regarded as a criminal proceeding and does not call for a public trial within the meaning of these constitutional provisions. *Carman v. State* (1935), 208 Ind. 297, 196 N.E. 78. It thus is not required that the constitutional standards be employed when judging the performance of counsel when prosecuting a post-conviction petition at the trial level or at the appellate level.

■ We therefore apply a lesser standard responsive more to the due course of law or due process of law principles which are at the heart of the civil post-conviction remedy. We adopt the standard that if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth in

*Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

The post-conviction court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.