114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert E. BAKER, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 96-1851.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1997.*
Decided May 7, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Robert E. Baker was convicted in Indiana of two counts of murder and sentenced by the Honorable James E. Letsinger to two concurrent fifty-year terms of imprisonment.[1] After his direct appeal, Baker filed two post-conviction petitions[2] and--in the interim--a petition seeking a writ of federal habeas corpus pursuant to 28 U.S.C. § 2254.[3] Baker has filed another § 2254 petition in the district court claiming that he was deprived of due process during his state court proceedings due to the arbitrary application of state court procedural rules to his post-conviction claims (alleging judicial bias). The district court dismissed Baker's petition based on his failure to demonstrate cause and prejudice to excuse his abuse of the writ--the affirmative defense raised by the Attorney General of Indiana.[4] For the reasons set forth below, we affirm.
 
 
 2
 Baker challenges the district court's dismissal of his petition arguing primarily[5]: (1) that the district court prematurely dismissed his petition without considering Baker's response to the state's abuse of the writ affirmative defense; (2) that the district court erred in determining that he was procedurally barred from challenging the state post-conviction proceedings; and (3) that the district court erred in refusing to find that Baker was denied due process during his state court collateral proceedings due to the state court's courts selective and arbitrary application of their post-conviction court rules to his judicial bias claims. (Pet.'s Br. at 11, 12-14.)
 
 
 3
 The parties agree that the district court prematurely dismissed Baker's petition on February 29, 1996 after granting Baker an extension (until March 14, 1996) to respond.[6] (R. at 18, 19.) Baker argues that the proper remedy is to issue a remand ordering the district court to consider his reasons for not raising his judicial bias claim in his prior federal habeas petition.[7] We disagree. Baker is not entitled to habeas review of his successive § 2254 petition. Under the new AEDPA standards, a claim not presented in a prior § 2254 application, "shall be dismissed unless--(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b) (as amended by AEDPA); see Benton, 106 F.3d at 162 (applying new § 2244(b) standards to successive habeas petition pending after the enactment of the AEDPA). Baker's claim does not rely on a new rule of constitutional law. Even assuming that Baker's post-conviction proceedings were tainted by judicial bias or a conflict of interest and that Baker failed to timely discover this taint despite his due diligence, proof of this allegation does not establish "by clear and convincing evidence" that no reasonable fact finder would have found Baker guilty of murder.[8]
 
 
 4
 In addition to the successive nature of Baker's petition, the state court procedural errors that Baker complains of are not the sort for which habeas corpus relief under § 2254 may be granted. Baker challenges the decision of Indiana's post-conviction trial court to deny his second post-conviction petition prior to ruling on his second motion for a change of judge based on an alleged conflict of interest. See supra note 2. More precisely, Baker argues that through arbitrary application of state court rules, he was improperly denied a hearing on his conflict of interest allegations and thereby deprived of due process. But § 2254 provides relief for violations of the Constitution--not violations of state law or state court procedural rules. Estelle v. McQuire, 502 U.S. 62 (1991); Kraushaar v. Flanigan, 45 F.3d 1040, 1049 (7th Cir.1995). Although Baker's characterization of his claim as a due process violation may appear, at first glance, to raise an issue cognizable in a § 2254 proceeding, the claimed due process deprivations occurring during the state post-conviction relief proceedings do not in any way undermine Baker's conviction or sentence or allege that he is "in custody in violation of the Constitution or law or treaties of the United States." § 2254(a) (emphasis). Hence, any error of the district court in prematurely dismissing Baker's petition is harmless because Baker's claims are barred under AEDPA and, in any event, fail to state a claim under § 2254(a). Accordingly, we AFFIRM the district court's judgment dismissing Baker's successive habeas petition.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Baker is incarcerated at the Indiana State Reformatory in Pendleton, Indiana
 
 
 [2]
 Baker's first post-conviction petition, filed in July 1986, challenged the sufficiency of evidence for his conviction and alleged ineffective assistance of counsel. On appeal from the denial of his petition, Baker reasserted these issues and also challenged the post-conviction court's jurisdiction, its orders denying Baker's document requests, and its denial of Baker's motion (filed along with his petition) to appoint a different judge for his collateral proceedings than Judge Letsinger who had presided over Baker's trial and sentencing proceedings. (Ex. at 7.) The Indiana Court of Appeals rejected Baker's claims of error and found that the post-conviction court properly denied Baker's motion for a new judge. (Ex. at 5.)
 In February 1991, Baker filed another change of judge motion along with a second post-conviction petition requesting collateral relief based on judicial bias. In support of these filings, Baker contended that his right to an impartial decision maker was compromised when Judge Letsinger appointed an ex-prosecutor, who had previously prosecuted Baker's co-defendant, to preside as magistrate judge over Baker's initial post-conviction hearing. The trial court found Baker's claim to be frivolous--noting that Baker did not object when the magistrate judge informed Baker of the possible conflict of interest--and dismissed Baker's motion for change of judge as moot; the Indiana Court of Appeals affirmed, noting that the claim could be dismissed under Indiana's Post Conviction Rule 1(12)(b) (allowing dismissal of successive petitions when issues raised are frivolous) and because it constituted an improper collateral attack under Indiana law. (Ex. at 10) (citing Baum v. State, 533 N.E.2d 1200 (Ind.1989) (post-conviction remedy designed to challenge conviction and sentencing errors, not as means to initiate collateral attacks on prior judgment denying post-conviction relief).
 
 
 [3]
 Baker's prior § 2254 petition, filed in 1989, did not raise a due process claim based on judicial bias. Baker first explained the factual basis for his judicial bias or conflict of interest claim (that is now framed as a due process issue) in his second state post-conviction petition in 1991. (Ex. at 15.)
 
 
 [4]
 Under the "abuse of the writ" doctrine that stems from Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, claims raised for the first time in a subsequent federal habeas corpus petition may be dismissed unless the petitioner shows cause and prejudice, or a colorable claim of innocence, to excuse the abusive filing. See Gomez v. United States District Court, 503 U.S. 653 (1992); McClesky v. Zant, 499 U.S. 467 (1991). Recent amendments to 28 U.S.C. § 2244(b), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, tit. I, § 106, 110 Stat. 1214, replace the doctrine of the "abuse of the writ." See Benton v. Washington, 106 F.3d 162 (7th Cir.1996)
 
 
 [5]
 We have considered all the issues Baker raises in his appellate brief and jurisdictional statement although we have consolidated them to avoid redundancy
 
 
 [6]
 Baker filed his response on March 7, 1996
 
 
 [7]
 Contrary to Baker's assertions, the district court did consider--albeit on reconsideration rather than prior to issuing its initial order--Baker's reasons for not raising his judicial bias claim in his previous § 2254 petition. (R. at 22.)
 
 
 [8]
 Even if we applied the "abuse of the writ" standard instead of the AEDPA standards for successive petitions, we agree--after considering all of Baker's submissions--with the district court that Baker failed to demonstrate cause and prejudice to overcome his abuse of the writ