**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO-SE:

**ARTURO TORRES**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ARTURO TORRES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  20A03-1301-PC-17 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-1202-PC-16

**November 26, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this appeal from the denial of appellant-petitioner, Arturo Torres's petition for post-conviction relief, we are called upon to decide whether it was correctly determined that Torres's trial counsel and post-conviction counsel were not ineffective.

Following a jury trial, Torres was found guilty of Rape,[1] a class B felony. Torres did not directly appeal that conviction. Thereafter, Torres sought permission to file a belated appeal that the trial court subsequently denied. Torres then filed a petition for post-conviction relief, claiming that his trial counsel was ineffective for failing to adequately investigate the case and call a particular witness to testify on his behalf. Torres also alleged that his post-conviction counsel did not adequately attack trial counsel's performance and his lack of trial experience. Concluding that Torres's claims of ineffective assistance of counsel fail, we affirm the judgment of the post-conviction court in denying his request for relief.

## FACTS

In December 2005, F.C.'s sister, Maria, called F.C. and told her that she and Gamez, her boyfriend, had been fighting. Although Torres and F.C. had been romantically involved at one time and had a child together, they eventually ended their relationship around September 2005.

F.C. drove to the residence and Torres, who was also living there, answered the door and told F.C. that he wanted to "get back together" with her. Tr. p. 509, 584. However, F.C. told Torres that she did not want to reconcile with him. Torres became

---

[1] Ind. Code § 35-42-4-1.

angry, pushed F.C. into one of the bedrooms, onto a bed, and closed the door. Torres then told F.C. that he wanted to have sex with her. Notwithstanding F.C.'s protests, Torres forced her to have sexual intercourse with him. Thereafter, Torres admitted to Gamez and Maria that he and F.C. had sex.

F.C. drove back to her house and told another one of her sisters what had occurred. The police were called and when the officers arrived, they observed that F.C. was crying and upset. F.C. told the officers that Torres had raped her.

Approximately one week later, the police interviewed Torres. After being advised of his Miranda[2] warnings and waiving those rights, Torres provided a statement to the officers. The State charged Torres with rape and was subsequently found guilty following a jury trial.

Torres did not directly appeal his conviction. After filing a motion for a belated appeal that the trial court denied, Torres filed a petition for post-conviction relief, claiming that his trial counsel was ineffective for failing to call Gamez to testify. Gamez was present at the residence before Torres and F.C. went into the bedroom and was going to testify that "[he did not] think that Torres raped [F.C.]." Appellant's App. p. 8.

Torres called his trial counsel, Joseph Lehman, to testify at the post-conviction hearing. Lehman testified that he recalled seeing Gamez's name on the witness list and stated that he would have placed Gamez on his own witness list if he believed that Gamez "was possibly a good witness." Tr. p. 49. Torres believed that Gamez would have

---

[2] Miranda v. Arizona, 384 U.S. 436, 444 (1966).

3

"possibly" provided information to assist the jury in his case in light of Gamez's statement that he did not believe that Torres had raped F.C. Id. at 58. The deputy prosecutor testified that Gamez had returned to Mexico and there was no chance of "getting service of process on him." Id. at 63, 64, 67-68.

Throughout the hearing, Torres's post-conviction counsel presented evidence including the testimony of various witnesses, the trial transcript, and the witness list. Torres's post-conviction counsel also examined Lehman about his limited felony trial court experience.

On December 13, 2012, the post-conviction court denied Torres's request for relief, observing that "the case turned on the testimony of the victim and Petitioner who were in the bedroom, and could testify as to the force Petitioner had used from their personal knowledge." Appellant's App. p. 51. The post-conviction court also determined that the testimony from other witnesses corroborated Torres's own statements and testimony. Torres now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

A petitioner for post-conviction relief must establish the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). The post-conviction court's denial of relief will not be disturbed unless the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002).

4

When reviewing ineffective assistance of counsel claims, we begin with the presumption that counsel rendered adequate legal assistance. Stevens v. State, 770 N.E.2d 739, 746 (Ind. 2002). To rebut this presumption, the petitioner must demonstrate both that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Many claims of ineffective assistance of counsel can be resolved by a prejudice inquiry alone. Carr v. State, 728 N.E.2d 125, 131 (Ind. 2000).

## II. Torres's Claims

As noted above, the basis of Torres's petition for post-conviction relief regarding trial counsel's ineffectiveness was that Gamez was not called to testify as a witness in light of his statement to the police that "[he did not] think that Torres raped [the victim]." Appellant's App. p. 8. Notwithstanding Torres's contention, witnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case [or as to] the truth or falsity of allegations." Ind. Evid. R. 704(b); Walker v. State, 988 N.E.2d 341, 347 (Ind. Ct. App. 2013), trans. denied. In short, Gamez's testimony regarding his opinion as to whether Torres had raped F.C. would not have been admitted at trial. Thus, Torres has failed to show that his trial counsel was ineffective on this basis.

We also note that F.C.'s sister and Gamez's other roommate presented testimony at trial that corroborated Gamez's statement that he had provided to the police about what

5

had occurred before Torres and F.C. entered the bedroom. Torres has also failed to prove that his trial counsel was ineffective for this reason. See Moredock v. State, 540 N.E.2d 1230, 1232 (Ind. 1989) (observing that the decision not to call a witness to testify whose testimony is cumulative does not constitute ineffective assistance of counsel).

As set forth above, the post-conviction court determined that the only contested issue in the case was whether force was used. Hence, the post-conviction court properly concluded that "the case turned on the testimony of the victim and Petitioner who were in the bedroom, and could testify as to the force Petitioner had used from their personal knowledge." Appellant's App. p. 51.

In sum, Torres failed to present any evidence that his trial counsel did not adequately investigate and try the case. As a result, Torres's claim of ineffective assistance of trial counsel fails.

As for Torres's claim that his post-conviction counsel was ineffective for failing to adequately challenge the trial court's performance, we apply a less rigorous standard than that set forth in Strickland v. Washington. Baum v. State, 533 N.E.2d 1200, 1201 (Ind. 1989). All that due process requires in the post-conviction context, is that counsel appear and represent the petitioner in a procedurally fair setting that results in a judgment of the court. See Baum, 533 N.E.2d at 1201 (upholding the denial of the petition for post-conviction relief because counsel presented testimony from several witnesses at the hearing without engaging in any discussion about the nature or quality of the evidence presented).

6

In other words, it is only when post-conviction counsel wholly fails to present any evidence in support of the petition—a circumstance amounting to effective abandonment of the client—that relief is appropriate under Baum. However, so long as counsel appears and presents evidence and advocates on his client's behalf, we will not inquire as to his or her effectiveness in doing so. Graves v. State, 823 N.E.2d 1193, 1196 (Ind. 2005).

In this case, Torres directs us to four instances alleging that his post-conviction counsel was ineffective: 1) there was an improper request for the trial court to take judicial notice of the trial transcript because the State was unaware that a transcript existed; 2) counsel should have sought a transcript of the trial sooner and amended the petition for post-conviction relief; 3) post-conviction counsel should have asked Lehman why he did not initially appeal the case; and 4) post-conviction counsel was ineffective for failing to return the attorney-client file.

Notwithstanding these claims, Torres has failed to demonstrate that post-conviction counsel "abandoned" him. See Baum, 533 N.E.2d at 1201. To the contrary, counsel appeared and represented Torres in a procedurally fair hearing, including the presentation of evidence in support of Torres's allegations. Indeed, post-conviction counsel moved to amend Torres's petition for post-conviction relief and requested a new trial. He also called Lehman as a witness, zealously examined him, and searched for weaknesses in his credentials and strategy for not calling Gamez to testify. Tr. p. 14-18, 28, 31-32, 41.

7

Post-conviction counsel also submitted detailed proposed findings of fact and conclusions of law on Torres's behalf, and filed other motions at Torres's request. And given these circumstances, post-conviction counsel did nothing inappropriate when he relied on the deputy prosecutor's comment that he was not familiar with the transcript. Put another way, the State's purported ignorance about the existence of the transcript did not demonstrate that Torres's post-conviction counsel did anything wrong.

Next, we note that it is pure conjecture as to Torres's claim that he was prejudiced because of post-conviction counsel's alleged delay in requesting the transcript. Torres does not indicate when the transcript was requested, how long it took to create it, or the type of relief that he expected to receive. We also reject Torres's bare assertion that the mere fact that the motion to amend the petition was denied means that ineffective assistance of counsel resulted.

Additionally, Torres fails to show how he would have been harmed if post-conviction counsel would have asked Lehman why a direct appeal was not taken. Similarly, Torres does not demonstrate how he was harmed by trial counsel's alleged failure or refusal to return the attorney-client file. In our view, these circumstances have no bearing on the effectiveness of post-conviction counsel's representation of Torres.

In conclusion, the record demonstrates that post-conviction counsel represented Torres at a procedurally fair hearing. Torres has failed to demonstrate that there was any other evidence that his post-conviction counsel could have presented that would have

8

assisted him in his claim for relief. Thus, we decline to set aside the denial of Torres's petition for post-conviction relief.

The judgment of the post-conviction court is affirmed.

BARNES, J., and CRONE, J., concur.