## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 30 2016, 11:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert Payton
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Payton, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 30, 2016 <br><br> Court of Appeals Case No. <br> 20A03-1602-PC-433 <br><br> Appeal from the Elkhart Circuit Court <br><br> The Honorable Terry C. Shewmaker, Judge <br><br> Trial Court Cause No. <br> 20C01-1405-PC-16 |

**Najam, Judge.**

# Statement of the Case

Robert Payton appeals the post-conviction court's denial of his petition for post-conviction relief. Payton raises four issues for our review, which we restate as the following three issues:[1]

> 1. Whether Payton received ineffective assistance of trial counsel.
>
> 2. Whether the post-conviction court erred when it denied Payton's request to appoint post-conviction counsel.
>
> 3. Whether the post-conviction court abused its discretion when it denied Payton's request to subpoena his co-defendant.

We affirm.

# Facts and Procedural History

This court stated the facts underlying Payton's convictions and sentence in his direct appeal as follows:

> Payton pled guilty and admitted the following factual allegations that supported his convictions: Payton admitted that he and a companion went to a high crime area to solicit sex in exchange

---

[1] In addition to the three issues we address, Payton also asks that we "excuse any procedural default that may exist by him submitting the testimony of the victims as evidence to support his ineffective assistance claim." Appellant's Br. at 16. While Payton asserts that this is an issue potentially dispositive of his appeal, we disagree and consider it part-and-parcel with his argument that he had received ineffective assistance from his trial counsel. The State, on the other hand, interprets Payton's statement to be a request for this court to declare the availability of federal habeas corpus relief. We do not interpret Payton's statements that way but, to be sure, we express no opinion on whether he might be entitled to any kind of relief from a federal court.

for drugs. After arriving, Payton and his companion forced S.K. to perform fellatio by physically overpowering her. Later, Payton and his companion forced C.W. to submit to anal intercourse by physically overpowering her. Both woman suffered extreme pain as a result of Payton's assaults.

Pursuant to a plea agreement, Payton agreed to a sentencing cap of seventy-five years executed. Payton was sentenced to forty years for each offense with ten years suspended from each to run consecutively for an aggregate sentence of sixty years.

*Payton v. State*, No. 20A03-0803-CR-100, 2008 WL 2915717 at *1 (Ind. Ct. App. July 30, 2008), *trans. denied*.

[4] Thereafter, Payton filed numerous petitions for post-conviction relief. In relevant part, Payton alleged that his trial counsel had rendered ineffective assistance when he did not investigate whether the State's charges had been based on the same evidence, especially with respect to whether the State had elevated the charges based on the same aggravating facts. Payton requested the post-conviction court to issue a subpoena to Payton's co-defendant, which the post-conviction court denied, and Payton requested the court to appoint him post-conviction counsel, which the court also denied. Following a hearing, the post-conviction court denied Payton's petition for relief. This appeal ensued.

# Discussion and Decision

## *Standard of Review*

[5] Payton appeals the post-conviction court's denial of his petition for post-conviction relief. Our standard of review in such appeals is clear:

> [The petitioner] bore the burden of establishing the grounds for post[-]conviction relief by a preponderance of the evidence. *See* Ind. Post-Conviction Rule 1(5); *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001). Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. *Timberlake*, 753 N.E.2d at 597. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. *Id.* If an issue was known and available, but not raised on direct appeal, it is waived. *Id.* If it was raised on appeal, but decided adversely, it is res judicata. *Id.*
>
> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. *Hall v. State*, 849 N.E.2d 466, 468 (Ind. 2006). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. *Id.* at 468-69. Because he is now appealing from a negative judgment, to the extent his appeal turns on factual issues [the petitioner] must convince this court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *See Timberlake*, 753 N.E.2d at 597. We will disturb the decision only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court. *Id.*

*Lindsey v. State*, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), *trans. denied*.

### Issue One: Trial Counsel

On appeal, Payton first asserts that his trial counsel rendered ineffective assistance when he did not attempt to have various charges against Payton reduced or dismissed. In particular, Payton argues that, had the State obtained verdicts against Payton on each of its original five charges, it would have violated Payton's double jeopardy rights to have convictions entered against

him as alleged in each of those charges. As such, he continues, his trial counsel should have attempted to have the State's charges reduced or dismissed. And, because his trial counsel did not seek to have the charges reduced or dismissed, Payton further asserts that he did not enter into his guilty plea fully informed.

[7] Generally, a claim of ineffective assistance of counsel must satisfy two components. *Strickland v. Washington*, 466 U.S. 668 (1984). First, the criminal defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the criminal defendant must show prejudice: a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694.

[8] Payton cannot demonstrate that he received ineffective assistance of trial counsel. Regarding Payton's assertion that his counsel should have sought to have the State's charges reduced or dismissed based on the likely evidence to support the charges at trial, we agree with the State that double jeopardy had not yet attached to Payton's case. Normally, double jeopardy attaches when there is "an actual risk of trial and conviction," namely, "'when a jury has been impaneled and sworn.'" *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001) (quoting *Bryant v. State*, 660 N.E.2d 290, 299 (Ind. 1995)). There is no evidence that the State's charges against Payton advanced that far; to the contrary, the parties agree that the only relevant procedural history for our

review is the State charging Payton in April of 2001 and his ensuing plea agreement in May of 2002. Accordingly, we cannot say that the post-conviction court's rejection of Payton's argument that his trial counsel failed to apply double jeopardy law to the charging information is clearly erroneous.

[9] Likewise, we affirm the post-conviction court's rejection of Payton's assertion that he would not have pleaded guilty had he been properly informed of the potential application of double jeopardy law to the State's charges. Presumably Payton's argument here is that, had he not pleaded guilty and instead been found guilty, the trial court could not have entered all the charges against him in accordance with double jeopardy law. That is, Payton seems to argue that, had his counsel properly informed him of those consequences, Payton would not have pleaded guilty.[2] But Payton presented no evidence to the post-conviction court other than his own assertion that he would not have pleaded guilty had he been more well informed, and Indiana's courts have long held that more than a defendant's own conclusory statement in that regard is required to state such a claim. *E.g.*, *Segura v. State*, 749 N.E.2d 496, 507 (Ind. 2001). Accordingly, we cannot say that the post-conviction court's rejection of this issue is clearly erroneous.

---

[2] We acknowledge that the State interprets Payton's argument to be that his counsel failed to inform him of a defense he might have had at trial. We read Payton's argument to go to the viability of the enhancements of the charges against him, and, therefore, to the sentence he would have received rather than the convictions themselves. Nonetheless, we agree with the State that, at least with respect to the two convictions to which he pleaded guilty, the State's evidence was plainly based on different victims and therefore presented no double jeopardy issues.

## Issue Two: Post-Conviction Counsel

[10] Payton next asserts that the post-conviction court erred when it denied his request to appoint post-conviction counsel. In particular, Payton argues that the post-conviction court's denial of his request for post-conviction counsel denied him his state and federal constitutional rights to counsel. Payton is incorrect. The Indiana Supreme Court has long recognized that there is no right to counsel in post-conviction proceedings. *Baum v. State*, 533 N.E.2d 1200, 1201 (Ind. 1989). Accordingly, we affirm the post-conviction court's denial of Payton's request.

## Issue Three: Subpoena

[11] Finally, Payton asserts that the post-conviction court abused its discretion when it denied his request to subpoena his co-defendant. An abuse of discretion occurs when the court's judgment is clearly against the logic and effect of the facts and circumstances before it. *E.g.*, *Speybroeck v. State*, 875 N.E.2d 813, 818 (Ind. Ct. App. 2007).

[12] We cannot say that the post-conviction court's judgment was against the logic and effect of the facts and circumstances before it. Payton sought the subpoena in an attempt to establish that his victims' injuries did not occur. But in pleading guilty Payton had already admitted to the factual basis for the injuries. The post-conviction court did not abuse its discretion when it denied Payton the opportunity to impeach his own admission. We affirm the post-conviction court's judgment.

Affirmed.

Vaidik, C.J., and Baker, J, concur.