## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 28 2019, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

**APPELLANT PRO SE**

Jose B. Rodriguez
Michigan City, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Jose B. Rodriguez,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

March 28, 2019

Court of Appeals Case No.
18A-PC-947

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No.
20D03-1504-PC-16

**Vaidik, Chief Judge.**

[1] Jose B. Rodriguez was convicted of four counts of Class A felony child molesting of his step-daughter, and the trial court sentenced him to an aggregate

term of forty years. *Rodriguez v. State*, No. 20A05-1309-CR-491 (Ind. Ct. App. Aug. 26, 2014), *trans. denied*. He filed a petition for post-conviction relief arguing that his trial counsel was ineffective, and the post-conviction court denied him relief. Rodriguez, pro se, now appeals.

[2] Rodriguez first argues that his trial counsel was ineffective in a variety of ways. However, he fails to develop any of these arguments with cogent reasoning. Rodriguez argues that his trial counsel failed to conduct any pretrial discovery, but he does not tell us what discovery counsel should have conducted. He argues that his trial counsel failed to conduct an investigation of the facts of the case, but he does not tell us what investigation counsel should have conducted. He argues that his trial counsel should have sought a limiting instruction "re: evidence of prior bad acts of uncharged sexual conduct," Appellant's Br. p. 8, but he does not tell us what those prior bad acts are or what the limiting instruction should have said. He argues that his trial counsel should have "investigated certain medical evidence," *id.*, but he does not identify that medical evidence. He argues that his trial counsel was ineffective for failing to investigate "a potential witness which [he] deemed to be exculpatory," *id.*, but he does not identify this witness or what this witness would have testified to. Finally, he argues that his trial counsel should have subpoenaed his work records because they "would have proven conclusively that he was working at the times of the alleged events," *id.*, but he fails to explain how his work records would have done so. Moreover, Rodriguez does not provide any citations to the record to support any of his allegations. In fact, there is not a single citation

to the record in his entire brief. For these reasons, we find that Rodriguez has waived all of these arguments. *See* Ind. Appellate Rule 46(A)(8)(a) (providing that arguments must be supported by cogent reasoning and citations to the record).[1]

[3] Rodriguez next argues that his trial counsel was ineffective for failing to present him with a plea offer from the State. However, he does not allege that the State actually made him a plea offer. *See* Appellant's Br. p. 9 ("It could be concluded that **had [Rodriguez] been presented an offer** . . ., he may have accepted and spared the state the cost of a trial." (emphasis added)).

[4] Finally, Rodriguez argues that the Indiana Supreme Court wrongly decided *Baum v. State*, 533 N.E.2d 1200 (Ind. 1989), which holds that claims of ineffective assistance of post-conviction counsel are not judged by the *Strickland v. Washington* standard. This, however, is an argument that Rodriguez should make to our Supreme Court.

[5] We therefore affirm the post-conviction court.

[6] Affirmed.

Kirsch, J., and Altice, J., concur.

---

[1] Rodriguez makes similar claims about his post-conviction counsel, but these arguments are waived for the same reasons.