**FILED**

Jul 22 2016, 9:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Daniel K. Whitehead
Yorktown, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Anthony Jordan, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 22, 2016 <br><br> Court of Appeals Case No. <br> 48A02-1510-CR-1846 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Dennis Carroll, Special Judge <br><br> Trial Court Cause No. <br> 48D03-0108-CF-270 |

**Pyle, Judge.**

## Statement of the Case

[1] David Anthony Jordan ("Jordan") appeals the trial court's order revoking his probation and ordering him to serve part of his previously suspended sentence. Jordan does not challenge the sufficiency of the evidence underlying his

probation violation or the trial court's ruling that he serve twelve years of his previously suspended sentence. Instead, he challenges the validity of the probation itself. Specifically, he argues that: (1) the special judge did not have authority to enter the revocation order; (2) the original judge, who had previously recused himself from the case, did not have authority to place him on probation; and (3) his probation revocation counsel was ineffective because counsel failed to challenge the validity of Jordan's probation on the basis that it was imposed by the previously-recused judge. Concluding that Jordan has waived his challenges to the judges' authority and has failed to meet his burden on his ineffective assistance of counsel claim, we affirm the trial court's order revoking Jordan's probation.

[2] We affirm.

## Issues

1. Whether Jordan has waived his challenge to the special judge's authority to enter the revocation order.

2. Whether Jordan has waived his collateral challenge to the original judge's authority to modify his sentence and place him on probation.

3. Whether Jordan's probation revocation counsel rendered ineffective assistance of counsel.

## Facts[1]

[3] The relevant procedural facts follow. On August 14, 2001, the State charged Jordan with: Count I, Class B felony burglary; Count II, Class C felony stalking; Count III, Class B misdemeanor invasion of privacy; and Count IV, Class B misdemeanor criminal mischief. The cause was assigned to Circuit Court #3 and the Honorable Thomas Newman, Jr. ("Judge Newman").

[4] On January 7, 2002, Jordan, pursuant to a plea agreement, pled guilty to Counts I, II, and IV in exchange for the dismissal of Count III. Thereafter, Judge Newman sentenced Jordan to concurrent terms of twenty (20) years on Count I, eight (8) years on Count II, and six (6) months on Count IV. This aggregate twenty (20) year sentence was to be served in the Department of Correction and served consecutively to two other criminal causes.[2] Thereafter, Jordan filed a direct appeal and challenged the sentence imposed in this case.[3] Our Court affirmed his sentence in a memorandum decision issued on

---

[1] We note that Jordan's counsel, in an attempt to be helpful, has reproduced the entire transcript from Jordan's probation revocation hearing and included it in his Appendix. Aside from this reproduction being "a waste of paper and unnecessarily bloating the record on appeal," *see Steve Silveus Ins., Inc. v. Goshert*, 873 N.E.2d 165, 172 (Ind. Ct. App. 2007), it also violates Appellate Rule 50(F), which explicitly instructs that "parties should *not* reproduce any portion of the Transcript in the Appendix" because the "Transcript is transmitted to our Court pursuant to Appellate Rule 12(B)[.]" (Emphasis added).

[2] These criminal causes were 48D03-0011-DF-346 ("Cause DF-346") and 48D03-0109-CF-295 ("Cause CF-295"), in which he also entered a guilty plea. The trial court imposed an aggregate sentence of three (3) years in Cause DF-346 and an aggregate sentence of twenty (20) years in Cause CF-295.

[3] In that same appeal, Jordan also appealed the sentences imposed in Cause DF-346 and Cause CF-295.

December 2, 2002. *See Jordan v. State*, 48A05-0204-CR-148 (Ind. Ct. App. Dec. 2, 2002).

[5] In 2002 and then again in 2003, Jordan filed a petition for post-conviction relief, both of which he was allowed to withdraw without prejudice. He then filed an amended petition in June 2006.[4] Following a hearing, Judge Newman denied Jordan's petition for post-conviction relief on January 3, 2007. Jordan appealed the denial of post-conviction relief, and we affirmed the trial court's judgment in a memorandum decision in October 2007. *See Jordan v. State*, 48A04-0703-PC-125 (Ind. Ct. App. Oct. 18, 2007), *trans. denied*.

[6] Thereafter, between 2008 and 2011, Jordan filed numerous motions to reduce his sentence or to have it modified to run concurrently with his two other criminal causes. Judge Newman denied each of these motions.

[7] Subsequently, on January 18, 2013, Judge Newman entered an order recusing himself from Jordan's case,[5] and the Honorable Dennis Carroll ("Special Judge Carroll") accepted jurisdiction as special judge on February 20, 2013. However, despite Judge Newman's recusal, he continued to hold hearings and issue orders in this case. For example, on September 15, 2014, Judge Newman held a hearing on Jordan's April 2014 motion to modify his sentence. Judge

---

[4] In Jordan's amended post-conviction petition, he challenged his guilty pleas from this cause and Causes DF-346 and CF-295.

[5] In that same order, Judge Newman also recused himself from Cause DF-346 and Cause CF-295.

Newman granted Jordan's motion and ordered Jordan "released from the Department of Corrections [sic] and placed in Work Release for the remainder of his sentence[,]" which was sixteen plus years. (App. 40). Additionally, on July 20, 2015, Judge Newman held a hearing on Jordan's January 2015 request to modify his sentence from work release to probation. Judge Newman granted Jordan's motion to modify his sentence and placed him on probation for the balance of his 6,126-day sentence. Jordan did not object to or otherwise challenge Judge Newman's authority to enter this order and place him on probation.

[8] Three weeks later, on August 11, 2015, the State filed a notice of probation violation, alleging that Jordan had violated his probation by: (1) committing new criminal offenses;[6] (2) failing to abstain from alcohol; and (3) violating his curfew. On August 31, 2015, Judge Newman held the initial hearing on Jordan's probation violation allegations, and Jordan denied the allegations. The transcript of this hearing is not part of the record on appeal. Nevertheless, there is no indication in the record that Jordan objected to Judge Newman's authority at this hearing.

---

[6] The notice of probation violation alleged that, on July 24, 2015, had committed and been charged with: Count I, Level 6 felony criminal confinement; Count II, Level 6 felony residential entry; Count III, Class A misdemeanor battery; Count IV, Class A misdemeanor interference with reporting of a crime; and Count V, Class A misdemeanor theft.

[9] On October 1, 2015, Special Judge Carroll presided over the evidentiary hearing. At the beginning of the hearing, Special Judge Carroll stated:

> We are in a Circuit Division Three case that I serve as Special Judge on in 48D03-0108-CF-270. We were here last week and there was a continuance and Mr. Kopp is here again on behalf of the State of Indiana. If there are any preliminary matters we can take care of those, otherwise we can get on with the evidence . . . . So are we ready to move forward?

(Tr. 4). Jordan's counsel responded, "Yes, Your Honor." (Tr. 5). Jordan did not object to the validity of the probation or the allegations. Nor did he object to Special Judge Carroll's authority to preside over the probation proceeding.

[10] During the hearing, the State questioned Jordan's probation officer, Tony New ("Probation Officer New"), about Jordan's alleged violations. The State also had Probation Officer New explain the procedural anomaly that had occurred in the case. Specifically, Probation Officer New testified that, in July 2015, Judge Newman held a hearing and placed Jordan on probation even though Special Judge Carroll was the presiding judge over the case. Probation Officer New testified that "[a]s it turn[ed] out[,] Judge Carroll was actually the Special Judge . . . on the case at that time" but that apparently "[n]obody recalled that that had changed at some point before that." (Tr. 43-44). When the State asked Probation Officer New, "But [Jordan's case] ha[d] a 48D03 cause number and for whatever reason nobody realized that Judge Carroll had jurisdiction over this case and not Judge Newman?", he replied that he "didn't realize it." (Tr. 44). Jordan still did not object to the validity of the probation or Special Judge Carroll's authority to preside over the probation proceeding.

Special Judge Carroll determined that Jordan had violated his probation by committing another crime (battery, criminal confinement, and interference with the reporting of a crime), and he ordered Jordan to serve twelve (12) years of his previously suspended sentence. Jordan now appeals.

# Decision

Jordan does not challenge the sufficiency of the evidence that he violated probation or the trial court's ruling that he serve twelve years of his previously suspended sentence. Instead, he challenges the validity of the trial court's revocation order and the validity of the existence of his probation. Specifically, he argues that: (1) Special Judge Carroll did not have authority to enter the revocation order; (2) Judge Newman, who had previously recused from the case, did not have authority to modify his sentence and place him on probation; and (3) his probation revocation counsel was ineffective for failing to challenge the validity of his probation. We will address each argument in turn.

## 1. Authority of Special Judge to Enter Revocation Order

We first address Jordan's main challenge to the revocation of his probation. He contends that Special Judge Carroll did not have authority to hold a probation evidentiary hearing and to enter an order ruling that he had violated his probation because Special Judge Carroll "relinquished jurisdiction and Judge Newman [had] reassumed case jurisdiction." (Jordan's Br. 7).

The State argues that Jordan has waived appellate review of any challenge to Special Judge Carroll's authority to hold the revocation hearing and to enter the

probation revocation order because Jordan "raised no objection whatsoever to Judge Carroll presiding over the probation revocation hearing." (State's Br. 11). We agree.

[14] Our Indiana Supreme Court has explained that "[t]he proper inquiry for a reviewing court when faced with a challenge to the authority and jurisdiction of a court officer to enter a final appealable order is first to ascertain whether the challenge was properly made in the trial court so as to preserve the issue for appeal." *Floyd v. State*, 650 N.E.2d 28, 32 (Ind. 1994). The *Floyd* Court also explained that "it has been the long-standing policy of this court to view the authority of the officer appointed to try a case not as affecting the jurisdiction of the court." *Id.* "Therefore, the failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal." *Id.*

[15] Here, Jordan did not object at the probation revocation evidentiary hearing to Special Judge Carroll's authority to preside over the hearing or to enter an order in the proceeding. Accordingly, Jordan has waived review of any challenge to the authority of Special Judge Carroll to preside over and enter an order in this probation revocation proceeding. *See, e.g., Floyd,* 650 N.E.2d at 32; *Tapia v. State*, 753 N.E.2d 581, 588 (Ind. 2001) (holding that a post-conviction petitioner's failure to object to a magistrate's authority to preside over his proceedings resulted in waiver of any appellate challenge to the magistrate's authority). *See also Bivins v. State*, 485 N.E.2d 89, 92 (Ind. 1985) ("We have held that where a defendant does not object to an irregularity in the

appointment of a special judge, he accepts the appointment, submits to the jurisdiction, and waives the irregularity.").[7]

## 2. Authority of Original Judge to Order Probation

[16] Next, we turn to Jordan's alternative attack on the validity of the probation revocation order, which he mounts by attacking the validity of his underlying probation. Specifically, Jordan argues that Judge Newman did not have authority to place him on probation because he had recused from the case and that his order placing him on probation was "invalid." (Jordan's Br. 15). Jordan contends that because Judge Newman's probation placement order was invalid, then Special Judge Carroll's order revoking his probation was equally invalid.

[17] Like Jordan's challenge to Special Judge Carroll's authority, he has also waived any appellate challenge to Judge Newman's authority. *See Floyd,* 650 N.E.2d at 32. In January 2015, Jordan filed a motion to modify his sentence from work release to probation. On July 20, 2015, Judge Newman held a hearing, granted Jordan's motion, and placed him on probation for the balance of his 6,126-day sentence. Jordan has not shown that he previously objected to Judge Newman's authority to hold the hearing on his motion or to enter the order

---

[7] We also reject Jordan's suggestion that Special Judge Carroll committed fundamental error because he "should have acted, irrespective of the parties' failure to object or otherwise preserve the error for appeal." (Jordan's Br. 15). As Jordan makes no cogent argument to support this suggestion, he has waived the argument. *See* Ind. Appellate Rule 46(A)(8)(a).

placing him on probation. Nor has Jordan shown why he did not appeal the probation order after it was entered in July 2015, and he may not do so now. As the State correctly contends, Jordan's "collateral challenge to the authority of Judge Newman to enter an order granting [him] probation is unavailable for consideration in this subsequent appeal from Special Judge Carroll's revocation of [Jordan's] probation." (State's Br. 16). *See Floyd,* 650 N.E.2d at 32 (holding that the failure of a party to object below to the authority of a court officer to enter a final appealable order waives the issue for appeal).

### 3. Ineffective Assistance of Probation Revocation Counsel

[18] Lastly, we will turn to Jordan's ineffective assistance of counsel claim. Jordan contends that his probation revocation counsel rendered ineffective assistance by failing to challenge the validity of his probation. Citing to the ineffective assistance of counsel standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), *reh'g denied*, Jordan contends that his counsel rendered deficient performance because he failed to object to validity of Jordan's probation on the basis that it was ordered by the recused Judge Newman. He further contends that there was prejudice because there was a "reasonable probability" that Special Judge Carroll would have vacated all of Judge Newman's prior orders, with "no resulting [probation] sanction imposed." (Jordan's Br. 18).

[19] The State responds that "[t]his allegation of ineffective assistance of probation revocation counsel is entirely without merit because [Jordan] had no Sixth Amendment right to the effective assistance of counsel during the probation

revocation proceeding." (State's Br. 17). The State reasons that "[t]he Sixth Amendment right to counsel applies only to critical stages of a criminal prosecution[,]" (State's Br. 17) (citing *Cox v. State*, 854 N.E.2d 1187, 1195 (Ind. Ct. App. 2006)), and that, because a probation revocation proceeding is civil in nature, "he did not have any Sixth Amendment right to counsel" in this proceeding. (State's Br. 17) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 781-82 (1973)).

[20] We acknowledge that "[a] probation hearing is civil in nature[,]" *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999), *reh'g denied*, and "that probationers do not receive the same constitutional rights that defendants receive at trial." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007), *reh'g denied*. Indeed, the United States Supreme Court has held that there is no Sixth Amendment right to counsel with respect to a probation revocation proceeding. *See Gagnon v. Scarpelli*, 411 U.S. 778, 781-82 (1973) (explaining that "[p]robation revocation . . . is not a stage of criminal prosecution" and holding that a probationer, who has already been sentenced, does not have a constitutional right to appointed counsel). *See also Reyes*, 868 N.E.2d at 440 n.1 (recognizing that the Sixth Amendment right to confrontation does not apply to probation revocation proceedings).[8] "Although

---

[8] We note that our Indiana Supreme Court has held that "[t]he right to the assistance of counsel extends to several situations deemed 'critical stages' in the proceeding[,]" including "revocation of probation and deferred sentencing proceedings[.]" *Hernandez v. State*, 761 N.E.2d 845, 849 (Ind. 2002) (citing *Mempa v. Rhay,* 389 U.S. 128, 137, (1967)), *reh'g denied*. However, in *Gagnon*, the Supreme Court explained that the right to counsel holding in *Mempa* was limited to where a probationer had "a *combined* revocation and sentencing hearing" and did not apply "where the probationer was sentenced at the time of trial." *Gagnon*, 411 U.S. at 781 (emphasis added).

probationers are not entitled to the full array of constitutional rights afforded defendants at trial, 'the Due Process Clause of the Fourteenth Amendment [does] impose [ ] procedural and substantive limits on the revocation of the conditional liberty created by probation.'" *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008) (quoting *Debro v. State,* 821 N.E.2d 367, 374 (Ind. 2005)).[9] In addition to these due process rights, INDIANA CODE § 35-38-2-3(f) provides that a probationer in a revocation hearing "is entitled to . . . representation by counsel."

[21] We cannot, however, agree with the State's suggestion that we can outright dismiss, without reviewing, Jordan's ineffective assistance of probation counsel claim because he did not have a Sixth Amendment right to counsel at the probation revocation hearing. Indeed, Jordan does not argue that he was denied a right to probation revocation counsel. Instead, he contends that he received ineffective assistance from his probation revocation counsel.

[22] In *Childers v. State*, 656 N.E.2d 514 (Ind. Ct. App. 1995), our Court addressed the standard to be applied when a defendant asserts a claim that his probation revocation counsel rendered ineffective assistance of counsel during the revocation hearing.

---

[9] The minimum requirements of due process provided to a probationer at a revocation hearing include: "(a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body." *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).

> Because [a probation revocation hearing] is a civil proceeding, we apply a less stringent standard of review in assessing counsel's performance. If counsel appeared and represented the petitioner in a procedurally fair setting which resulted in judgment of the court, it is not necessary to judge his performance by rigorous standards.

[23] *Childers*, 656 N.E.2d at 517 (citing *Baum v. State*, 533 N.E.2d 1200, 1201 (Ind. 1989)). In *Baum*, our Indiana Supreme Court explained that, because a "right to counsel in post-conviction proceedings is guaranteed by neither the Sixth Amendment of the United States Constitution nor art. 1, § 13 of the Constitution of Indiana[,]" there was no requirement that the "constitutional standards be employed when judging the performance of counsel when prosecuting a post-conviction petition at the trial level or at the appellate level." *Baum*, 533 N.E.2d at 1201. The *Baum* Court explained that, therefore, "a lesser standard responsive more to the due course of law or due process of law principles which are at the heart of the civil post-conviction remedy" should be applied. *Id.* Similarly, given the civil nature of probation revocation proceedings and the corresponding due process rights applicable in such proceedings, we will apply the *Baum* standard to Jordan's claim of ineffective assistance of probation revocation counsel.[10] *See id.*; *see also Hill v. State*, 960

---

[10] We acknowledge that, in prior cases, other panels of our Court have applied the *Strickland* standard when reviewing a claim that counsel rendered ineffective assistance during a probation revocation hearing. *See, e.g., Truitt v. State*, 853 N.E.2d 504, 507 (Ind. Ct. App. 2006); *Marsh v. State*, 818 N.E.2d 143, 145 (Ind. Ct. App. 2004); *Decker v. State*, 704 N.E.2d 1101, 1103 (Ind. Ct. App. 1999); *King v. State*, 642 N.E.2d 1389, 1391-92 (Ind. Ct. App. 1994); *Sims v. State*, 547 N.E.2d 895, 896-97 (Ind. Ct. App. 1989). It does not, however, appear that the question of the applicability of the Sixth Amendment or the standard of review was raised in these cases.

N.E.2d 141, 143 (Ind. 2012) (holding that the *Baum* standard was the "appropriate standard" for judging the performance of counsel in a Post-Conviction Rule 2—or a belated notice of appeal—proceeding), *reh'g denied*.

[24] Applying this "lesser" standard, we conclude that Jordan has failed to show that his probation revocation counsel rendered ineffective assistance of counsel by failing, during the October 2015 revocation hearing, to raise an objection to the validity of Judge Newman's July 2015 order placing Jordan on probation. Jordan's counsel appeared at the revocation hearing, questioned witnesses and introduced exhibits on behalf of Jordan, and offered argument regarding sanctions. Additionally, Jordan has not alleged or shown that he was deprived of a procedurally fair hearing. Based on our standard of review, the record before us, and the specific facts of this case, we conclude that Jordan has failed to show that he received the ineffective assistance of probation revocation counsel.[11] *See, e.g.*, *Childers*, 656 N.E.2d at 517 (holding that the defendant failed to show that his probation revocation counsel was ineffective).

[25] Affirmed.

Kirsch, J., and Riley, J., concur.

---

[11] Even if we were to review Jordan's claim under the *Strickland* standard, we would equally conclude that he failed to prove his ineffective assistance of counsel claim. Jordan's ineffective assistance of counsel claim is premised upon the assumption that an objection to Judge Newman's July 2015 probation order would have resulted in Special Judge Carroll vacating "all rulings" of Judge Newman. (Jordan's Br. 18). Jordan, however, apparently fails to realize that vacating all of Judge Newman's orders would include Judge Newman's September 2014 order releasing Jordan from the Department of Correction.