## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2016, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

A. David Hutson
Hutson Legal
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason A. Hill,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 30, 2016

Court of Appeals Case No.
31A01-1604-CR-812

Appeal from the Harrison
Superior Court

The Honorable Joseph Claypool,
Judge

Trial Court Cause No.
31D01-1409-F6-523

**Brown, Judge.**

[1] Jason A. Hill appeals the trial court's order revoking his probation. Hill raises several issues which we consolidate and restate as whether the trial court erred in revoking his probation. We affirm.

## Facts and Procedural History

[2] On or about November 17, 2014, Hill pled guilty pursuant to a plea agreement to assisting a criminal as a level 6 felony. Consistent with the terms of the plea agreement, the trial court sentenced Hill to thirty months, with six months executed and twenty-four months suspended to probation. On August 5, 2015, a probation officer filed a Petition to Revoke Suspended Sentence which alleged that Hill had violated his probation by committing the new offense of possession of methamphetamine as a level 6 felony on or about August 2, 2015, and requested that the court revoke Hill's previously-suspended sentence.

[3] On December 2, 2015, the court held a revocation hearing at which Hill was represented by counsel. At the hearing, Hill admitted that he violated his probation by committing the new offense as alleged. The court moved to hearing evidence regarding the sanction due to the violation, and the State and Hill's counsel elicited testimony from Hill regarding his history, his stay at a halfway house earlier in the year, and his arrest. During his testimony, Hill proposed that the court sentence him to six months in jail and six months in a halfway house and that his probation be terminated. The State asked whether Hill was in essence asking the court to cut his sentence in half, and Hill replied "if I go to prison on twenty-four months I'm only going to have to do twelve of that anyway. That's still basically almost the same thing." Transcript at 16.

The State argued that Hill was thirty-two years old, accumulated eighteen criminal offenses, and that probation does not work with Hill, and it requested that the remainder of his sentence of twenty-four months be served in the Indiana Department of Correction ("DOC"). Hill's counsel argued that Hill is "not saying don't punish me, in fact put me – incarcerate for some period of time and then after that period of time allow me to complete whatever portions [sic] is remaining at a halfway house" and "[h]is request is punish me incarcerate me for some period of time for my violation but also please allow me some sort of help or treatment by going to the halfway house." *Id.* at 18-19.

[4] The court stated that Hill's probation was revoked and that it would take the sanction under advisement. The court further stated "I'm going to take this under advisement for a very short period of time how long that's going to be revoked," "I'd like to see . . . a little bit more about your history before I do it but it'd be for a period of eighteen months in prison with . . . you continue probation after that for six months," and "at that point you would be allowed to go to a halfway house for that six months." *Id.* at 20. The court also stated "I'm not going to make that the case right now anyway I'm taking it under advisement, I wanted to let you know what I'm thinking about okay." *Id.* at 21. Hill asked if there would be another court date, and the court replied: "Nope. It means that I'm going to announce what your sentence is going to be and you'll find out about it okay." *Id.*

[5] Hill filed a motion for ruling on probation revocation hearing on January 7, 2016, and again on February 3, 2016. An entry in the chronological case

summary ("CCS") dated February 18, 2016, indicates the court scheduled a hearing on the motion to revoke suspended sentence for 9:00 a.m. on February 24, 2016. An entry in the CCS dated February 24, 2016, states that the hearing originally scheduled for February 24, 2016, was rescheduled on the court's own motion for 9:00 a.m. on February 25, 2016.

[6]   On February 25, 2016, the court commenced the hearing at 9:26 a.m., and the State observed that for whatever reason there was never a ruling, that Hill's counsel filed the motions asking for a ruling, that it believed Hill was present to figure out the result of the revocation hearing, and that it did not know if the court entered an order that was not distributed. The court indicated that it could not hear anything without Hill's attorney present, that there were notes in its file, and that it would review the notes and reconvene at 1:00 p.m.

[7]   At 2:11 p.m. on February 25, 2016, the court resumed the hearing and noted that Hill's counsel was present and that there had been a hearing in December at which time the court revoked Hill's probation and took the matter under advisement. The State noted that the court had indicated it would sentence Hill to the DOC for the remainder of his sentence except that his last six months would be at a halfway house. The court agreed and noted that it wanted Hill to be in a halfway house prior to being released to society. The State requested the court to make clear that it would revoke eighteen months of Hill's previously-suspended sentence of twenty-four months and that his probation be modified to include a term that he complete six months at an approved halfway house.

The court asked Hill's counsel for a response, and the following exchange occurred:

| | |
|---|---|
| [Hill's counsel]: | [W]e had the hearing in hopes that he would get just some executed period of time and he'd be done. I mean he's spent some time incarcerated during his adult life. The halfway house, that's never going to work. I mean we can do the sentence but, (inaudible) right back in here. |
| [State]: | Right. Based on that I would just ask to revoke two years to the [DOC] and we can just stop and if he has no interest in rehabilitation and basically is admitting he's going to be using again I think any (inaudible) given out by the Court at that point is – he said it, we're going to be back in here we're going to violate. He has two years over his head if he wants to do two years in prison that's an easy fix. |
| [Hill's counsel]: | He's not admitting he's going to use again. I'm not sure – |
| [State]: | Well how else are we going to be back in here? |
| [Hill's counsel]: | I mean that's your interpretation but – |
| [State:] | He's gonna [] get discharged from a halfway house, that's what you just told the Court. |
| [Hill's counsel]: | Well that's probably – he's not interested in doing a halfway house – |
| The Court: | Okay, well we'll do the two years revocation. Okay, that's it. |

| | |
|---|---|
| [Hill's counsel]: | after an eighteen-month sentence, but I – I don't know what the – I don't remember what we presented in December. I'm just asking the Court to consider – |
| The Court: | Okay, two years revocation that's what it's going to be at this point. Okay, you're going to get credit for time that you've spent here for that time that correct? |
| [State]: | Thank you Judge. |
| The Court: | Okay, thank you. |
| [Hill's counsel]: | He's asking to appeal that Your Honor. |
| The Court: | That'd be fine. |

*Id.* at 33-34. The court ordered that Hill serve his previously-suspended sentence of two years.

## *Discussion*

[8] The issue is whether the trial court erred in revoking Hill's probation. Hill argues that he was denied due process and the effective assistance of probation revocation counsel.

A. *Due Process*

[9] Although probationers are not entitled to the full array of constitutional rights afforded defendants at trial, the Due Process Clause does impose procedural and substantive limits on the revocation of the conditional liberty created by probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). The minimum requirements of due process that inure to a probationer at a revocation hearing

include: (a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body. *Id.* Probation revocation is a two-step process. *Id.* First, the court must make a factual determination that a violation of a condition of probation actually occurred. *Id.* If a violation is proven, then the court must determine if the violation warrants revocation of the probation. *Id.* Even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation. *Id.*

[10]  Hill argues that the second hearing on February 25, 2016, violated his due process rights because he was not given advance notice of the trial court's intention to allow additional argument on the issue of his sanction and that he was prejudiced by the second hearing because his attorney could not recall his specific request from the December hearing to have an opportunity to receive treatment at a halfway house rather than executing his entire suspended sentence. The State argues that there is nothing about the fact that the court reconvened and discussed the sentencing alternatives with Hill and counsel that violated his due process rights and that Hill had been made aware that he was facing up to twenty-four months for his violation. In reply, Hill argues that, if the court was going to hear additional argument, it should have given him notice and that "[e]ven minimal notice . . . would have prevented the error in this case – a few minutes for Hill's counsel to familiarize himself with the

history of the case and a brief conversation with Hill to ascertain his wishes would have been enough." Appellant's Reply Brief at 5-6.

[11] Hill does not dispute that he received notice of the allegation that he violated his probation and that he admitted at the December 2015 hearing to violating the conditions of his probation by committing the new offense of possession of methamphetamine. He rather challenges the court's hearing of arguments at the February 25, 2016 hearing related to the court's sanction and the extent to which the sanction would include an order that he be placed at a halfway house. While the court initially indicated it would not hold a second hearing and would rule on the matter of the proper sanction due to Hill's violation, we also note that the court was clear that it was taking the matter of the proper sanction under advisement, that Hill's counsel was aware the court had not ruled on the matter and filed two motions, one on January 7 and the second on February 3, 2016, asking the court for a ruling, and that on February 18, 2016, the court scheduled a hearing for February 24, 2016, and later rescheduled the hearing for February 25, 2016. Hill's counsel presented argument regarding the sanction at the February 2016 hearing and argued that Hill was not interested in placement in a halfway house after an eighteen-month sentence. Hill was not denied notice or an opportunity to be heard and present evidence as to why his violation did not warrant revocation. He was given notice of the second hearing and was aware that the remaining issue was the matter of the sanction the court would impose as a result of his probation violation. Hill has not shown that he was denied due process.

## B. *Probation Revocation Counsel*

[12] With respect to a claim of ineffective assistance of counsel during the revocation hearing, we have stated that, because a probation revocation hearing "is a civil proceeding, we apply a less stringent standard of review in assessing counsel's performance" and that, "[i]f counsel appeared and represented the petitioner in a procedurally fair setting which resulted in judgment of the court, it is not necessary to judge his performance by rigorous standards." *Jordan v. State*, 60 N.E.3d 1062, 1068 (Ind. Ct. App. 2016) (quoting *Childers v. State*, 656 N.E.2d 514, 517 (Ind. Ct. App. 1995) (citing *Baum v. State*, 533 N.E.2d 1200, 1201 (Ind. 1989))).

[13] Hill argues that he requested, at the first hearing, that the court allow him to serve a portion of his time in a halfway house, that the court was ready to grant his request until his counsel made his argument in opposition to the halfway house, that it is clear that his counsel did this because he forgot what he argued at the first hearing, and that, instead of stating that he did not remember what he had argued and asking for a continuance, his counsel advocated against his interest by arguing against the halfway house. The State argues that Hill did not receive ineffective assistance resulting in a due process deprivation, that during the February proceeding Hill's counsel appeared to be directly stating his client's wishes as Hill was present and communicating with his attorney, that Hill's counsel explicitly stated Hill was not interested in a halfway house and that Hill was asking to appeal, and that "[w]hat can be gleaned from these encounters is that Hill's counsel was communicating to the trial court what Hill

wanted him to." Appellee's Brief at 14. In reply, Hill argues that the record does not support the State's claim that his counsel was directly stating his client's wishes and that Hill's counsel stated that he could not remember what he argued at the first hearing.

[14] While Hill's counsel stated that he did not remember what was presented at the December hearing, he expressly stated that Hill was not interested in being placed at a halfway house after an eighteen-month sentence. Further, after the court ruled on the sentence it would impose, Hill's counsel indicated that Hill was asking to appeal, indicating Hill and his counsel were communicating. In addition, we note that, during his testimony at the December hearing, Hill proposed that his sanction consist of six months in jail and six months in a halfway house after which his probation would terminate and noted that, in his mind, this was basically the same as a twenty-four month sentence where he would be entitled to credit time. The argument of Hill's counsel at the February hearing was that Hill was "not interested in doing a halfway house . . . after an eighteen-month sentence." Transcript at 34. Applying the applicable standard, we conclude that Hill has failed to establish that his probation revocation counsel rendered ineffective assistance in stating that Hill was not interested in placement at a halfway house after an eighteen-month sentence. Hill's counsel appeared and represented Hill in a procedurally fair setting. Based on our standard of review and the facts of this case, we conclude that Hill has not established he received the ineffective assistance of probation revocation counsel. *See Jordan*, 60 N.E.3d at 1069 (holding that the appellant failed to

show that he received the ineffective assistance of probation revocation counsel).

## Conclusion

For the foregoing reasons, we affirm the court's order revoking Hill's probation.

Affirmed.

Vaidik, C.J., and Bradford, J. concur.