## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 04 2019, 7:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Chanse T. Starr
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrew A. Kobe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chanse T. Starr,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 4, 2019

Court of Appeals Case No.
18A-CR-969

Appeal from the Allen Superior Court

The Honorable Samuel R. Keirns, Judge

Trial Court Cause No.
02D06-1111-FC-361

**Baker, Judge.**

[1] Chanse Starr appeals the trial court's order revoking his probation and ordering him to serve four years of a previously suspended six-year term. Finding no error, we affirm.

## Facts

[2] In 2012, Starr entered into a plea agreement resolving three[1] causes. In FC-358, he pleaded guilty to Class C felony corrupt business influence. In FC-361, he pleaded guilty to Class C felony corrupt business influence and admitted to being an habitual offender. The plea agreement fixed Starr's sentence as four years in cause FC-358, to be served concurrent with four years in cause FC-361, with an eight-year habitual offender enhancement. The agreement required the trial court to suspend six years of the sentence, with three years of probation.

[3] Starr completed the executed portion of his sentence in these causes on June 9, 2014. But by then, he had been convicted of a new offense: Class C felony burglary in cause FC-12. Appellant's App. Vol. II p. 34-35. His burglary sentence was to be served consecutive to the other offenses, meaning that he continued to be incarcerated on June 9, 2014.

[4] On June 8, 2017, Starr was released from incarceration. At that time, he began serving his three-year term of probation. Among the conditions of his

---

[1] Pursuant to the plea agreement, charges in a third cause were dismissed.

probation were that Starr refrain from engaging in criminal activities and, specifically, from possessing or consuming illegal substances.

[5] On September 13, 2017, Starr overdosed on an unknown substance and had to be revived by Narcan, which is an overdose medication that revives a person after he has overdosed on an opioid. As a result of the incident, Starr was arrested for public intoxication.

[6] On November 30, 2017, the probation department filed a petition to revoke probation based on the September 13 incident. On March 20, 2018, Starr admitted to possessing an illegal substance and to being arrested for public intoxication. The trial court found that Starr had violated the terms of his probation and ordered that he serve four years of the previously suspended six-year term, with the remaining two years suspended to probation. Starr now appeals.

## Discussion and Decision

[7] Probation is a matter of grace left to trial court discretion rather than a right to which a defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and if the conditions are violated, the trial court may revoke probation. *Id.* The judge has "considerable leeway in deciding how to proceed," and we will reverse only if the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[8] First, Starr argues that the revocation proceedings contravened his original plea agreement. Specifically, he contends that his term of probation began when he

completed the executed portion of his sentence in June 2014, in which case he would not have been on probation in September 2017. He is mistaken. Starr was incarcerated, albeit on a new and independent conviction, until June 2017. His term of probation in this matter did not begin until he was released from incarceration. Therefore, the trial court did not err by finding that he was on probation in September 2017 and that he violated the terms of probation at that time.

[9] Second, Starr argues that he did not have notice of the alleged violation. The record belies this contention. He was represented by counsel, who received the petition to revoke probation containing the allegation and reviewed discovery in the matter. Moreover, Starr admitted to the violation at the revocation hearing and has therefore waived any claim that he was not afforded due process. This claim is without merit.

[10] Third, Starr argues that his attorney was ineffective at the revocation hearing. When a probationer challenges counsel's performance at a revocation proceeding, the standard to apply is a due process right to counsel, meaning that the probationer is entitled to counsel who appears and represents the probationer in a procedurally fair setting, which results in a judgment of the court. *Jordan v. State*, 60 N.E.3d 1062, 1068 (Ind. Ct. App. 2016). Here, counsel appeared, reviewed discovery, negotiated a favorable agreement with

the State, and argued on behalf of Starr for a favorable sanction.[2]  Under these circumstances, we find that Starr was not denied his due process right to counsel.[3]

[11]    Fourth, Starr argues that revocation was improper where he maintained his innocence at the hearing.  Starr did not "maintain his innocence," inasmuch as he admitted that he consumed an illegal substance and had to be revived with Narcan.  He argues that because he could not remember the circumstances of the overdose, it amounts to a claim that he was innocent of the allegation.  We cannot agree.  Furthermore, while it is impermissible for a trial court to accept a guilty plea while a defendant simultaneously maintains his innocence, Starr has cited to no caselaw establishing a similar principle in probation revocation cases, nor have we found any.  Therefore, this argument is unavailing.

[12]    Fifth, Starr argues that the trial court was biased.  He offers no basis of this claim other than the trial court's adverse ruling, which we decline to find is evidence of bias.  Moreover, Starr did not object at the hearing to any supposed bias, meaning that he has waived the argument.  He is not entitled to relief on this basis.

---

[2] Pursuant to the agreement, the State agreed not to pursue other alleged violations and to remain silent as to the sanction to be imposed by the trial court.

[3] Starr argues that if counsel had not convinced him to admit to the allegation, the State would not have been able to meet its burden of proof.  But Starr admits that he did not know what happened during the time surrounding his overdose, and it was undisputed that he overdosed, was revived with Narcan, and was arrested for public intoxication.  It is apparent, therefore, that the State would have been able to meet its burden.

[13]   Finally, Starr maintains that the sanction ordered by the trial court was erroneous. We disagree. Starr had only been on probation for a matter of months, after being in prison for over six years, when he overdosed. He offers no evidence of positive conduct or character, nor does he argue that he would be successful on probation.[4] The trial court did not give him the maximum sanction available, ordering him to serve only four years of the previously suspended six-year term. We find no error with respect to the sanction ordered by the trial court.

[14]   The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.

---

[4] To the extent that Starr asks us to review the sanction for appropriateness under Indiana Appellate Rule 7(B), that rule does not apply to probation sanctions. *Prewitt*, 878 N.E.2d at 187-88.