## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 08 2020, 8:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amber Gibson,
*Appellant/Respondent,*

*v.*

State of Indiana,
*Appellee/Petitioner.*

July 8, 2020

Court of Appeals Case No.
20A-CR-761

Appeal from the Vermillion
Circuit Court

The Hon. Robert M. Hall, Special
Judge

Trial Court Cause No.
83C01-1412-F1-1

**Bradford, Chief Judge.**

# Case Summary

[1] Following Amber Gibson's 2017 plea of guilty but mentally ill to Level 3 felony child molesting and Level 6 felony maintaining a common nuisance, the trial court sentenced her to seven years of incarceration and suspended her sentence to probation. In March of 2020, Gibson admitted to violating the terms of her probation by committing another crime, and the trial court ordered her to serve three years of her previously-suspended sentence, to be followed by four years on probation. Gibson contends that she received ineffective assistance of probation-revocation counsel. Because we disagree, we affirm.

# Facts and Procedural History

[2] On December 2, 2014, the State charged Gibson with Level 1 felony child molesting and Level 6 felony maintaining a common nuisance. On September 4, 2016, Gibson pled guilty but mentally ill to Level 3 felony child molesting and Level 6 felony maintaining a common nuisance. In May of 2017, Gibson underwent a psychological evaluation and was determined to have a mild intellectual disability and an I.Q. of 67. On February 13, 2018, the trial court sentenced Gibson to seven years of incarceration, all suspended to probation, save time served awaiting trial.

[3] On September 12, 2019, the State moved to revoke Gibson's probation on the basis that she had committed Level 6 felony failure to reside at a sex offender registered address or location. On March 4, 2020, at a hearing at which Gibson was represented by counsel, Gibson admitted to violating the terms of her probation by committing failure to reside at a sex offender registered address or

location, and the trial court ordered that she serve three years of her previously-suspended sentence, followed by four years of probation.

# Discussion and Decision

[4] Gibson argues that she received ineffective assistance of probation-revocation counsel because counsel failed to argue that her mental disability was a circumstance that mitigated against imposing part of her previously-suspended sentence. Those who have already been convicted enjoy fewer constitutional protections than those entitled to the presumption of innocence before conviction. *Weida v. State*, 94 N.E.3d 682, 687 (Ind. 2018) (citing *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013)). While Indiana Code section 35-38-2-3(f) provides probationers the statutory right to counsel in probation-revocation proceedings, this is not a right guaranteed by the Sixth Amendment to the United States Constitution. *Gagnon v. Scarpelli*, 411 U.S. 778, 781–82 (1973). Consequently, a claim of ineffective assistance in this context is not reviewed under the Sixth-Amendment-based standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Jordan v. State*, 60 N.E.3d 1062, 1068–69 (Ind. Ct. App. 2016) (concluding that ineffective-assistance claims in probation-revocation hearings are not evaluated pursuant to the *Strickland* standard).

> "Because [a probation revocation hearing] is a civil proceeding, we apply a less stringent standard of review in assessing counsel's performance. If counsel appeared and represented the petitioner in a procedurally fair setting which resulted in judgment of the court, it is not necessary to judge his performance by rigorous standards."

*Id.* at (quoting *Childers v. State*, 656 N.E.2d 514, 517 (Ind. Ct. App. 1995), *trans. denied*) (brackets in *Jordan*). In applying this standard, we are bound by the Indiana Supreme Court's recent decision in *A.M. v. State*, 134 N.E.3d 361 (Ind. 2019), in which it concluded that *Strickland* did not apply in juvenile disposition-modification hearings, which—like probation-revocation proceedings—are civil proceedings in which the right to effective counsel flows from the Due Process Clause of the Fourteenth Amendment, not the Sixth. *Id.* at 365 (citing, with approval, *Childers*, 656 N.E.2d at 517 (declining to apply *Strickland* in probation-revocation proceeding)).

[5] Gibson draws our attention to *Mickens v. Taylor*, 535 U.S. 162 (2002), *Hernandez v. State*, 761 N.E.2d 845 (Ind. 2002), and *Williams v. State*, 883 N.E.2d 192 (Ind. Ct. App. 2008), as support for the proposition that the more-stringent *Strickland* standard does, in fact, apply in probation-revocation proceedings. *Mickens*, quite simply, does not contain any language even suggesting that the Sixth Amendment applies to probation-revocation proceedings.[1] Moreover, while *Hernandez* stands for the propositions that counsel is required at critical stages of criminal cases and that a probation-revocation proceeding is a critical stage, it says nothing about how counsel's performance should be evaluated in that

---

[1] *Mickens* addresses the question of whether a conflict of interest amounts to ineffective assistance in a *habeas corpus* proceeding. *Mickens*, 535 U.S. at 164-65. While *Mickens* does include an examination of *Wood v. Georgia*, 450 U.S. 261 (1981), a conflict-of-interest case involving a probation revocation, it does not address the standard of review to be used in such cases or state that they are governed by the Sixth Amendment. *Mickens*, 535 U.S. at 169–72. Indeed, *Wood* itself specifically reiterates that "*due process protections* apply to parole and probation revocations." *Wood*, 450 U.S. at 271 (citing *Gagnon*, 411 U.S. at 781–82) (emphasis added).

context. *Hernandez*, 761 N.E.2d at 849. As for *Williams*, while it is one of a handful of cases out of this court in which we *have* applied *Strickland* in the probation-revocation context, there is no indication that the question of the proper standard of review was raised in any of those cases, much less decided. *See Williams*, 883 N.E.2d at 196–97; *see also, e.g.*, *Truitt v. State*, 853 N.E.2d 504, 507 (Ind .Ct. App. 2006); *Marsh v. State*, 818 N.E.2d 143, 145 (Ind. Ct. App. 2004); *Decker v. State*, 704 N.E.2d 1101, 1103 (Ind. Ct. App. 1999); *King v. State*, 642 N.E.2d 1389, 1391–92 (Ind. Ct. App. 1994); *Sims v. State*, 547 N.E.2d 895, 896–97 (Ind. Ct. App. 1989). It would seem that no Indiana appellate court that has actually addressed the question has concluded that *Strickland* applies in a probation-revocation context. Much more importantly, to the extent that any cases *can* be interpreted as standing for the proposition that the *Strickland* standard applies to a probation-revocation proceeding, they have been superseded by the binding precedent of *A.M.*, which clarifies that *Strickland* does not apply in civil proceedings. Gibson's reliance on *Mickens*, *Hernandez*, and *Williams* (and similar cases) is misplaced.

[6]     The question, then, is whether counsel appeared and represented Gibson in a procedurally fair setting which resulted in a judgment of the court. *See Jordan*, 60 N.E.3d at 1068–69. Gibson does not claim, much less establish, that any of the above requirements were not satisfied in this case. Any such claim would have been without merit in any event, as our review of the record indicates that Gibson was represented by counsel throughout the proceeding, there was no sign of procedural unfairness, and the proceeding resulted in a judgment of the

court. Gibson has failed to establish that she received ineffective assistance of probation-revocation counsel.

[7] The judgment of the trial court is affirmed.


Baker, J., and Pyle, J., concur.