

FILED

Aug 18 2020, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Victoria V. Arrowood, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 18, 2020 <br><br> Court of Appeals Case No. <br> 20A-CR-667 <br><br> Appeal from the Shelby Superior Court <br><br> The Honorable David N. Riggins, Judge <br><br> Trial Court Cause No. <br> 73D02-1905-F6-252 |

**Mathias, Judge.**

[1]   Victoria Arrowood ("Arrowood") pleaded guilty in Shelby Superior Court to Level 6 felony possession of methamphetamine, and the court sentenced her to 545 days in community corrections, to be served on home detention. The State subsequently filed a petition to revoke Arrowood's placement in community corrections. Following a hearing on the State's petition, the trial court revoked Arrowood's placement in community corrections and ordered her to serve the

remainder of her sentence in incarceration. Arrowood appeals and presents one issue, which we restate as whether her counsel's performance at the revocation hearing effectively denied her the right to counsel as guaranteed by Article 1, Section 13 of the Indiana Constitution. Because the revocation of probation or placement in community corrections is civil, not criminal, in nature, Article 1, Section 13 is inapplicable. Accordingly, we affirm.

## Facts and Procedural History

[2] Arrowood was a passenger in a vehicle that was stopped for a traffic infraction in Shelby County. During the traffic stop, law enforcement found her in possession of methamphetamine and two syringes.[1] The State charged Arrowood on May 30, 2019 with Level 6 felony unlawful possession of a syringe and Level 6 felony possession of methamphetamine. On June 12, 2019, Arrowood agreed to plead guilty to the charge of possession of methamphetamine in exchange for the State dismissing the other count. The trial court accepted the plea agreement on September 16, 2019, and sentenced Arrowood to 545 days in community corrections, to be served on home detention.

[3] On January 27, 2020, the State filed a petition to revoke Arrowood's placement in community corrections, alleging that she had violated the terms of her

---

[1] At the time of the traffic stop, Arrowood faced pending charges of possession of methamphetamine in nearby Henry County.

placement by testing positive for methamphetamine, morphine, fentanyl, and cannabinoids. The trial court held a hearing on the State's revocation petition on February 27, 2020. Arrowood failed to appear in person but was represented by counsel.[2]

[4] At the conclusion of the hearing, the trial court revoked Arrowood's placement in community corrections and ordered her to serve the balance of her sentence in incarceration. Arrowood now appeals.

## Standard of Review

[5] Arrowood argues that, pursuant to Article 1, Section 13 of the Indiana Constitution, she had a right to the effective assistance of counsel at the revocation hearing. This is a question of law that we review de novo. *State v. Neff*, 117 N.E.3d 1263, 1267 (Ind. 2019) (noting that a question involving the meaning of the Indiana Constitution is a question of law that appellate courts review de novo).

## Discussion and Decision

[6] We first note that, under the Sixth Amendment to the United States Constitution, a probationer does not have a right to counsel at a probation revocation hearing. *Jordan v. State*, 60 N.E.3d 1062, 1068 (Ind. Ct. App. 2016)

---

[2] After the hearing finished, Arrowood appeared in person at the trial court. She and the court engaged in a brief discussion, which revealed that Arrowood had telephoned the court and stated that her car had broken down. The court acknowledged this and stated that it had delayed the hearing by over a half hour but went ahead with the hearing when Arrowood did not appear after a reasonable delay.

(citing *Gagnon v. Scarpelli,* 411 U.S. 778, 781–82 (1973)). By extension, this would also hold true in proceedings for revocation of placement in community corrections. *See Cox v. State,* 706 N.E.2d 547, 549 n.6 (Ind. 1999) (holding that "appellate review procedures, due process requirements, and evidentiary rules for probation revocation and community corrections placement revocation hearings are the same."). Recognizing this, Arrowood makes no argument that the Sixth Amendment right to counsel applies at placement revocation hearings.

[7] Although a probationer has no Sixth Amendment right to counsel at a revocation hearing, Indiana Code § 35-38-2-3(f) provides that a probationer in a revocation hearing is entitled to representation by counsel. *See Jordan,* 60 N.E.3d at 1068. In reviewing a claim of ineffective assistance of counsel at a revocation hearing, we apply a less-rigorous "due process" standard: "If counsel appeared and represented the petitioner in a procedurally fair setting which resulted in judgment of the court, it is not necessary to judge his performance by rigorous standards." *Id.* (citing *Childers v. State,* 656 N.E.2d 514, 517 (Ind. Ct. App. 1995), *trans. denied*; *Baum v. State,* 533 N.E.2d 1200, 1201 (Ind.1989)).

[8] To avoid application of this less-rigorous standard, Arrowood argues the right to counsel guaranteed by Article 1, Section 13 applies at revocation hearings, noting that the Indiana Constitution provides a broader guarantee than the Sixth Amendment. She also argues that the two-part *Strickland* test should apply to claims of ineffective assistance of counsel under Article 1, Section 13 and

that, under this test, her revocation counsel was constitutionally ineffective.[3] We are unpersuaded.

[9] We agree with Arrowood that the right to counsel guaranteed by Article 1, Section 13 is broader than that provided by the Sixth Amendment. For example, the Sixth Amendment requires the assistance of counsel only at all *critical* stages of the prosecution. *Barnett v. State*, 83 N.E.3d 93, 104 (Ind. Ct. App. 2017) (citing *Hopper v. State*, 957 N.E.2d 613, 616 (Ind. 2011)), *trans. denied*. In contrast, Article 1, Section 13 applies to "every stage of [a criminal] proceeding[]." *Batchelor v. State,* 189 Ind. 69, 125 N.E.2d 773, 776 (1920). Thus, "Indiana's constitutional right—contrary to the Sixth Amendment—can attach 'prior to the filing of formal charges against the defendant[.]'" *Jewell v. State*, 957 N.E.2d 625, 634 (Ind. 2011) (quoting *Hall v. State*, 870 N.E.2d 449, 460 (Ind. Ct. App. 2007), *trans. denied*). But this does not mean that Article 1, Section 13 applies in revocation proceedings.

[10] Indeed, the language of Article 1, Section 13 of the Indiana Constitution provides that "[i]n all *criminal prosecutions*, the accused shall have the right . . . to be heard by himself and counsel[.]" (emphasis added). It is well settled that proceedings to revoke either probation or placement in community corrections are civil proceedings, not criminal prosecutions. *See McQueen v. State*, 862

---

[3] When addressing claims of ineffective assistance of counsel under either the Sixth Amendment or Article 1, Section 13, our courts have applied the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See, e.g., Shaw v. State*, 898 N.E.2d 465, 467–68 (Ind. Ct. App. 2008) (applying *Strickland* test to claim of ineffective assistance brought under both the Sixth Amendment and Article 1, Section 13), *trans. denied*.

N.E.2d 1237, 1242 (Ind. Ct. App. 2007) (citing *Cox,* 706 N.E.2d at 551) (noting civil nature of community correction revocation proceedings); *Jordan*, 60 N.E.3d at 1068 (noting civil nature of probation revocation proceedings). Thus, "'probationers do not receive the same constitutional rights that defendants receive at trial.'" *Jordan*, 60 N.E.3d at 1068 (quoting *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007)). Because revocation hearings are civil in nature, the right to counsel in criminal proceedings guaranteed by Article 1, Section 13 of the Indiana Constitution simply does not apply.

[11]    We find support for our conclusion in *Baum*, 533 N.E.2d at 1201, in which our supreme court held that the right to counsel guaranteed by Article 1, Section 13 does not apply in post-conviction proceedings, which, like revocation proceedings, are civil in nature. We read *Baum* as holding that Article 1, Section 13 simply does not apply to non-criminal proceedings, whether they be post-conviction proceedings or revocation proceedings.

[12]    Arrowood, nevertheless claims that Article 1, Section 13 does provide a right to counsel at revocation hearings, citing *Vicory v. State*, 802 N.E.2d 426 (Ind. 2004). In that case, our supreme court held that a probationer has a right to allocution at a probation revocation hearing. *Id*. at 429. Our supreme court's decision in *Vicory* was, as the court later put it, "informed by Article 1, Section 13 of the Indiana Constitution," which guarantees the right to be heard "'by *himself* and counsel.'" *Biddinger v. State*, 868 N.E.2d 407, 412 (Ind. 2007) (quoting Ind. Const., art. 1, § 13). Essentially, Arrowood argues that, if the right

to allocution is extended to probation revocation proceedings, then so should the right to counsel.

[13] We do not read *Vicory* as holding that Article 1, Section 13 extends to revocation hearings. Had the *Vicory* court intended to make such a profound statement, we believe it would have done so clearly, not by mere implication. Indeed, the supreme court later noted that its holding in *Vicory* was merely "informed" by the right to be heard by oneself under Article 1, Section 13; it did not hold that the right to allocution was guaranteed by Article 1, Section 13. *Biddinger*, 868 N.E.2d at 412. It certainly did not hold that the right to counsel extended to revocation hearings.

[14] Accordingly, we decline to hold that the right to counsel at all criminal prosecutions, as guaranteed by Article 1, Section 13, extends to revocation hearings, which are civil, not criminal, in nature. Instead, revocation proceedings, like post-conviction proceedings, are governed by principles of due process. *See Baum*, 533 N.E.2d at 1201 ("We therefore apply a lesser standard responsive more to the due course of law or due process of law principles which are at the heart of the civil post-conviction remedy."); *see also A.M. v. State*, 134 N.E.3d 361, 366–67 (Ind. 2019) (holding that Sixth Amendment *Strickland* standard did not apply in juvenile disposition-modification hearings).

## Conclusion

[15] Under the more lenient due-process standard set forth in *Jordan* and *Baum*, it is apparent that Arrowood was not denied her right to counsel, as "counsel

appeared and represented the [probationer] in a procedurally fair setting which resulted in judgment of the court[.]" 60 N.E.3d at 1069 (quoting *Childers*, 656 N.E.2d at 517) (citing *Baum*, 533 N.E.2d at 1201).

[16] For all these reasons, we affirm the judgment of the trial court.

[17] Affirmed.

Bradford, C.J., and Najam, J., concur.